OPINION
{¶ 1} On March 3, 2001, Jeff E. Pharion issued a graphic/zoning order to 5411, Inc., doing business as Columbus Gold. Mr. Pharion alleged that Columbus Gold was in violation of zoning laws because it was operating an adults only entertainment establishment in the city of Columbus without having appropriate zoning clearance. Columbus Gold filed a notice of appeal of this zoning order.
 {¶ 2} On December 13, 2001, the city of Columbus, Board of Zoning Adjustment ("BZA") conducted a hearing on the appeal. The BZA found that Columbus Gold was operating an "Adults Only Entertainment Establishment" without having acquired the appropriate zoning clearance. 5411 Sawmill, Ltd., as the landlord of Columbus Gold, attempted to participate in the appeal but was denied an active role in the proceedings.
 {¶ 3} Columbus Gold next appealed to the Franklin County Court of Common Pleas. 5411 Sawmill, Ltd., also appealed under a separate case number and the two appeals were consolidated. The BZA finding was affirmed.
 {¶ 4} Columbus Gold next appealed to this court, assigning four errors for our consideration:
 {¶ 5} "1. The Trial Court Committed Prejudicial Error By Affirming The December 13, 2001 Decision Of The Columbus Board Of Zoning Adjustment And Overruling Columbus Gold's Motion For Relief From Judgment And/or To Reconsider Its July 8, 2002 And August 14, 2002 Decisions And/or To Stay Judgments On Its Decisions Because The Appellants' Constitutional Rights To Procedural Due Process Were Violated.
 {¶ 6} "2. The Trial Court Committed Prejudicial Error By Affirming The December 13, 2001 Decision Of The Columbus Board Of Zoning Adjustment In Finding That Substantial, Reliable And Probative Evience In The Record That An Alleged Bare Breast Constitutes Legally Cognizable Zoning Violation.
 {¶ 7} "3. The Trial Court Committed Prejudical Error By Affirming The December 13, 2001 Decision Of The Columbus Board Of Zoning Adjustment In Finding That Substantial, Reliable And Probative Evidence In The Record That Appellant Columbus Gold Lacked Proper Zoning Clearance Under Columbus City Code § 3305.01 As Of The Date Of The March 3, 2001 [sic] To Support A Zoning Code Violation Order Premised On The Observance Of A Bare Breat.
 {¶ 8} "4. The Trial Court Committed Prejudicial Error By Affirming The December 13, 2001 Decision Of The Columbus Board Of Zoning Adjustment Because The Actions By The City Inspector Violated Appellant's Fourth Amendment Constitutional Rights."
 {¶ 9} 5411 Sawmill, Ltd., has also appealed assigning two errors for our consideration:
 {¶ 10} "A. The Franklin County Court Of Common Pleas Erred As A Matter Of Law In Affirming The Decision Of The Columbus Bza By Finding Appellant Was Operating An Adults Only Entertainment Establishment Without A Certificate Of Zoning Clearance.
 {¶ 11} "B. The Franklin County Court Of Common Pleas Erred As A Matter Of Law By Finding Columbus City Code Definitions `in Relation To Adults-only Entertainment' Are Not Unconstitutionally Vague, Ambiguous, Or Operate As A Prior Restraint."
 {¶ 12} We will address 5411 Sawmill, Ltd.'s first assignment of error in conjunction with Columbus Gold's second and third assignments of error because the three assignments of error address the same fundamental issues.
 {¶ 13} The BZA, after running a fairly abbreviated evidentiary hearing, made a single finding of fact in affirming and enforcing the order of inspector Jeff E. Pharion. That finding of fact was "a bare breast was visible at the time of the inspection." Based upon this single finding, the BZA found Columbus Gold to be an adults only entertainment establishment.
 {¶ 14} "Adults only entertainment establishment" is defined in former Columbus City Code ("C.C.") 3303.01(A) as follows:
 {¶ 15} "`Adults only entertainment establishment' means an establishment which features totally nude, topless, bottomless, strippers, male or female impersonators, or similar entertainment or services which are obscene or harmful to juveniles as defined by Ohio Revised Code Section 2907.01(E) and (F) and Columbus City Code Section2307.01(E) and (F)."
 {¶ 16} The definition implies an on going course of conduct. "Features" does not apply to a single episode of partial nudity. Instead, "features" refers to a series of events. No series of events was alleged or proved before the BZA so no factual basis for finding Columbus Gold to be an adults only entertainment establishment was presented.
 {¶ 17} In light of our finding with respect to the failure to demonstrate an on-going course of conduct, we need not address appellants' other arguments regarding the application of C.C. 3303.01(A) to these facts.
 {¶ 18} Because the finding of the BZA is not supported by the evidence, we sustain Columbus Gold's second and third assignments of error and 5411 Sawmill, Ltd.'s first assignment of error.
 {¶ 19} Because this case is resolved based upon the application of the city code provisions, we will not reach out to address the various constitutional law issues argued by the parties. We, therefore, declare 5411 Sawmill, Ltd.'s second assignment of error to be moot. We also find Columbus Gold's first and fourth assignments of error to be moot.
 {¶ 20} In review, we sustain Columbus Gold's second and third assignments of error. We also sustain 5411 Sawmill, Ltd.'s first assignment of error. We find the remaining assignments of error to be moot. We reverse the judgment of the common pleas court and remand the case with instructions that the common pleas court in turn remand the case to the City of Columbus Board of Zoning Adjustment with instructions to sustain Columbus Gold's appeal of the zoning order issued March 3, 2001.
Judgment reversed and cause remanded
with instructions.
BROWN and KLATT, JJ., concur.